IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT P. GUILLORY, # 8167**                                              **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:14cv157-KS-MTP**

**JONES COUNTY JAIL, et al.**                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE JAIL AND HODGE, INDIVIDUALLY

This case is before the Court *sua sponte*. *Pro se* Plaintiff Robert P. Guillory is a pretrial detainee at the Jones County Jail, and he brings this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Jones County Jail and Sheriff Alex Hodge, in his individual capacity, are dismissed.

### BACKGROUND

Guillory filed this action on September 22, 2014. He alleges that he is a follower of Islam but is being prevented from performing his daily prayers because of an overcrowded cell. He says he was not given special meals to supplement his fasting during Ramadan. He also claims that he is not being provided with a free prayer rug or religious hat, while Bibles are given for free at the jail. His family was allowed to bring him a Quran. He also complains that while he was on disciplinary restriction, he was denied access to a law library and an indigent package for pens, paper, and envelopes for "legal practice" and to contact his lawyer. (Compl. at 5).

Guillory files this action and specifically invokes 42 U.S.C. § 1983, the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He asserts claims for the denial of the free exercise

of his religion, equal protection, and access to courts.  He sues all Defendants in both their individual and official capacities, and he seeks damages and injunctive relief.

This is not the first time that Guillory has complained about the alleged denial of access to courts while on lock down at the Jones County Jail.  On the same day as this case was filed, he filed another, *Guillory v. Hodge*, cause number 2:14cv156-KS-MTP.  In that case he brought the same denial of access claims against Hodge, Defendants Major Randy Johnson, and Captain David Hare.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Guillory to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

2

Among others, Guillory sues the Jail and Sheriff Hodge, in both his individual and official capacities, under § 1983, RFRA, and RLUIPA.

JAIL

First Guillory sues the jail.  Mississippi law determines whether he can sue the jail.  Fed. R. Civ. P. 17(b)(3).  Under Mississippi law, a county jail is not a separate legal entity which may be sued, rather it is an extension of the county.  *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009).  Therefore, the jail is dismissed.  He has already named the Sheriff, in his official capacity.  The allegations against the Jones County Jail will therefore be construed as allegations against Sheriff Hodge, in his official capacity.

HODGE, IN HIS INDIVIDUAL CAPACITY

Guillory also sues Hodge, in his individual capacity, under § 1983, RFRA, and RLUIPA, because the other Defendants allegedly ignored Guillory's religion and grievances, and Hodge "has authority over his officers who runs [sic] the daily operation of this facility, therefore he is acting under the color of State law."  (Dkt. 13 at 2).  Guillory also claims that Hodge personally denied Guillory access to a law library because he was on restriction.  Other than this, he does not claim that Hodge was personally involved in any of the alleged deprivations.  The Court will examine each claim in turn.

I.   § 1983

A.   DENIAL OF ACCESS

Hodge is first accused of personally denying Guillory access to a law library during his approximately 60 days in disciplinary restriction.  This exact claim is pending against the

Sheriff, before the undersigned, in *Hodge*. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). This claim is therefore dismissed here as both duplicative and malicious. This dismissal is without prejudice as to the prior pending lawsuit and is with prejudice in all other respects. *Id.*

### B. RESPONDEAT SUPERIOR

The remaining § 1983 claims against the Sheriff are based solely on his role as the supervisor of the remaining Defendants. "There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Despite being given the opportunity to do so, Guillory fails to point to any personal involvement or wrongdoing attributable to Hodge in the remaining alleged deprivations. Guillory thus fails to state a claim against Hodge under § 1983, for the remaining claims.

### C. RFRA

As for the RFRA claim, RFRA only applies to the federal government and its actors. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 289 (5th Cir. 2012). The statute is unconstitutional as applied to state actors, because it exceeds Congress's § 5 power and violates the separation of powers of the federal government. *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997). Sheriff Hodge is only alleged to be a state actor. Thus, Guillory fails to state a claim under RFRA against the Sheriff.

### D. RLUIPA

Finally, although RLUIPA does apply to state actors, it does not apply to them in their

individual capacities.  *Sossamon v. Texas*, 560 F.3d 316, 327 (5th Cir. 2009).  Therefore the individual capacity RLUIPA claim against Hodge is likewise dismissed.

The claims against Hodge, in his individual capacity, are dismissed as duplicative, malicious, and for failure to state a claim against him upon which relief may be granted.  These dismissals count as a strike pursuant to § 1915(g).  He shall remain, in his official capacity only.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Jones County Jail is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the individual capacity claims against Defendant Sheriff Alex Hodge are **DISMISSED**.  The denial of access claim is duplicative and malicious and is dismissed **WITHOUT PREJUDICE** to the prior pending lawsuit of *Guillory v. Hodge*, cause number 2:14cv156-KS-MTP (S.D. Miss.), and is dismissed **WITH PREJUDICE** in all other respects.  The remaining individual capacity claims against him are dismissed **WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  This Defendant shall remain, in his official capacity only, and the remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 12th day of November, 2014.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE