IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT P. GUILLORY                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 2:14-cv-157-KS-MTP

SHERIFF ALEX HODGE, ET AL.                                                     DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the Court finds that Plaintiff's claim against Defendant Angela Guthrie should be dismissed and that the case should continue as to the remaining Defendants.

## BACKGROUND

Plaintiff Robert Guillory filed his Complaint [1] on September 22, 2014, pursuant to 42 U.S.C. § 1983. This lawsuit arises from events which took place while Plaintiff was a pretrial detainee at the Jones County Adult Detention Facility in Ellisville, Mississippi, where he is currently detained. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing[2] held on April 29, 2015.

According to Plaintiff, in August of 2013, he was placed in disciplinary confinement for sixty days after he was involved in a physical altercation with an officer at the detention facility.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Plaintiff asserts several claims relating to the physical altercation and his sixty day disciplinary confinement in this action and in another action pending in this Court, Civil Action No. 2:14-cv-156-MTP.

In part, Plaintiff complains that, during the sixty days when he was held in disciplinary confinement, he wrote Angela Guthrie requesting supplies such as a pen, paper, and envelopes, but she stated that he could not receive the supplies while he was in disciplinary confinement. According to Plaintiff, he wanted the supplies in order to file suit regarding the claims he has asserted in this action and the claims he has asserted in Civil Action No. 2:14-cv-156-MTP.

**ANALYSIS**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

The United States Supreme Court has held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Before an inmate may prevail on his claim, however, he must demonstrate that he suffered "actual prejudice," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (holding that a

2

civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice).

In this case, Plaintiff has not demonstrated that Defendant Guthrie hindered his ability to pursue a legal claim. Plaintiff concedes that he eventually obtained assistance from a local inmate legal assistance program while in disciplinary confinement and was able to procure the supplies needed to submit pleadings to this Court. Moreover, at the *Spears* hearing, Plaintiff explicitly stated that he did not lose a legal right due to Defendant Guthrie's actions, and that he was able to bring the claims he desired to bring. The Court also notes that Plaintiff has communicated extensively with the Court in this matter and in Civil Action No. 2:14-cv-156-MTP. Thus, because Plaintiff has failed to allege that he suffered any "actual injury," his claim against Defendant Guthrie will be dismissed for failure to state a claim.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's claim against Defendant Guthrie will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 30th day of April, 2015.

s/ Michael T. Parker  
United States Magistrate Judge