IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT P. GUILLORY, # 8167**                                                           **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO.: 2:14-cv-00157-MTP**

**SHERIFF ALEX HODGE, ET AL.**                                                    **DEFENDANTS**

### OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [46]. Having considered the Motion, applicable law, and case record, the Court finds that the Motion [46] should be granted and this action should be dismissed with prejudice.

### BACKGROUND

On September 22, 2014, Plaintiff Robert P. Guillory, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. This lawsuit arises from events that took place while Plaintiff was a pretrial detainee at Jones County Jail.[1] In his complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff asserts claims against Major Randy Johnson, Sheriff Alex Hodge, and Captain David Hare for violations of his First Amendment right to free exercise of religion, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Religious Freedom Restoration Act ("RFRA"). He also asserts claims against Toria Crosby for denying him access to legal materials.[3] As relief, Plaintiff seeks compensatory damages and injunctive relief in the form of an order requiring that the jail accommodate his religion and expand the law library.

---

[1] Plaintiff is currently housed as a post-conviction inmate at the East Mississippi Correctional Facility.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's hearing occurred on April 29, 2015.
[3] Originally, Angela Guthrie was also named as a defendant. Plaintiff alleged that she denied him access to legal materials; however, the claims against her were dismissed with prejudice and those issues are no longer before the Court. *See* Judgment Dismissing Defendant Angela Guthrie [39].

**FACTS**

According to Plaintiff, in August of 2014, he was placed in disciplinary confinement for sixty days after he was involved in a physical altercation with an officer at the jail. Allegedly, during that sixty-day period, Plaintiff was detained with two other inmates in a cell designed to house one inmate. Plaintiff claims that the crowded condition of the cell denied him the right to freely exercise his religion.

Plaintiff is a Muslim, and he alleges that the crowded condition of the cell made it difficult for him to perform Salat, an Islamic prayer ritual. According to Plaintiff, Salat is performed five times a day and involves standing and kneeling. Plaintiff alleges that, with little room in the cell, he was forced to either kneel next to the toilet or risk disturbing the other inmates who were lying on the floor. Plaintiff also claims that the crowded condition of the cell made it difficult for him to perform Wudu, an Islamic ritual involving washing parts of the body with water. Plaintiff alleges that he had to step over the other inmates to get to a water source. On August 12, 2014, Plaintiff requested move to a private cell, but Major Randy Johnson informed him that no private cells were available. *See* Plaintiff's Request [1-2]. He also alleges the Defendant Alex Hodge failed respond to these grievances.

Further, Plaintiff alleges he asked Captain David Hare if a family member could bring him certain religious items, including a Koran, a Kufi cap, and a prayer rug. Plaintiff was allowed a copy of the Koran, but denied the other items. *See* Captain Hare Note [1-4]. However, Plaintiff was able to buy the other items from the canteen. Plaintiff also requested from Captain Hare that the County "honor [his] month of fasting" as part of Ramadan. *See* Plaintiff's Request [1-3]. Captain Hare responded that Plaintiff would be provided meals as normal and that if Plaintiff chooses "not to eat that was [his] business." *Id.* According to Plaintiff, Captain Hare should have allowed him to eat meals before sunrise and after sunset during the thirty-day fasting period. In addition, Plaintiff

2

alleges that Captain Hare should have allowed Plaintiff to partake in a feast at the end of the fasting period.

Plaintiff also complains that, during the sixty days when he was held in disciplinary confinement, he wrote Toria Crosby requesting legal books. Plaintiff alleges that Crosby, as his case manager, had a duty to provide him legal books, but she failed to send him the books. According to Plaintiff, he sought the books in order to seek a restraining order against the officer with whom he previously had a physical altercation.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

*Injunctive Relief*

Plaintiff requests injunctive relief in the form of an order requiring Defendants to accommodate the religious month of Ramadan and expand the law library. Plaintiff, however, is no

longer housed at the Jones County Jail, but at East Mississippi Correctional Facility.[4] Because of his transfer, any claim for injunctive relief is moot.[5]

The transfer of an inmate from an allegedly offending institution generally renders his claims for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). In order for Plaintiff's claim for injunctive relief to remain viable, he must establish a "demonstrated probability" or a "reasonable expectation" that he will be transferred back. *Id*; *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that "any suggestion of relief based on the possibility of transfer back . . . is too speculative to warrant relief"); *Davis v. Wall*, 1995 WL 136204, at *2 n.3 (5th Cir. March 9, 1995) (holding that an inmate's claim for injunctive relief relating to his religious rights was rendered moot by his transfer to another facility). Nothing on the record suggests that Plaintiff may be transferred back to the Jones County Jail. Thus, Plaintiff's claims for injunctive relief will be dismissed as moot.

**Defendants Johnson, Hodge, and Hare - Religious Claims Under the First Amendment and RLUIPA**

Plaintiff claims that Hodge and Johnson denied his request for more cell space, which impeded his religious practice, and that they further denied him religious items. He also claims that Hare did not accommodate the religious month of Ramadan.

According to the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e).  Plaintiff in bringing these Section 1983 First Amendment claims and RLUIPA claims for *compensatory damages* does not allege that he suffered a physical injury that was more than *de minimis*.

---

[4] *See* Notice of Change of Address [60].
[5] A Federal court is obligated to raise issue of mootness, *sua sponte*, if facts suggest mootness notwithstanding silence of parties with respect to that issue. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

*See id.*; *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir.2008)(prisoner's claims for compensatory damages against prison officials in their official capacity on claims alleging First Amendment and RLUIPA violations and were barred by the PLRA provision prohibiting actions for mental or emotional injury suffered while in custody without a prior showing of physical injury); *see also Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir.2005) (extending physical injury requirement to First Amendment claims); *Alexander v. Tippah Cnty. Miss.*, 351 F.3d 626, 631 (5th Cir.2003) (noting that the alleged physical injury must be more than *de minimis*); RLUIPA, 42 U.S.C. § 2000cc-2(e)("Nothing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act).").

Plaintiff does allege that he suffered some "fatigue, constipation, and muscle spasms." *See* Motion Opposing Summary Judgment [52] at 2. However, this Court finds these alleged injuries to be no more than *de minimis*. *See Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (agreeing with district court that nausea and vomiting were *de minimis* injuries). Plaintiff also complains of a neck injury that occurred "before this . . .started." *See* Motion Opposing Summary Judgment [52] at 6. As this injury was not caused by any alleged violation of the First Amendment or RLUIPA, this injury cannot be used to meet the physical injury requirement of the PLRA.  Plaintiff has submitted no proof of any of these alleged injuries, or proof that they were somehow connected to the alleged First Amendment or RLUIPA violations; therefore, Plaintiff does not meet the physical injury requirement of the PLRA.

Indeed, while Plaintiff does not specifically ask for emotional damages, injuries from these alleged events could only be mental or emotional, because he did not allege a physical injury that was more than *de minimis*.  In fact, Plaintiff states he experienced "emotional stress, mental anguish, and anxiety." *Id.* at 2. The *compensatory* damages Plaintiff requests could only stem from some sort of an

emotional injury.[6] To the extent Plaintiff seeks compensation for injuries alleged to have resulted from First Amendment and RLUIPA violations, his claim is barred by the physical injury requirement of § 1997e(e). *See Mayfield,* 529 F.3d at 605–06; *see also Geiger* 404 F.3d at 374–75; *see also Carter v. Hubert*, 452 F. App'x 477, 479 (5th Cir. 2011). Additionally, as discussed above, Plaintiff's claim for injunctive relief is moot. Therefore, Plaintiff's First Amendment and RLUIPA claims against Defendants Johnson, Hodge, and Hare will be dismissed.

**Individual Defendants RLUIPA**

RLUIPA does not authorize a private cause of action for compensatory or punitive damages against defendants in their individual capacities. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009). Accordingly, to the extent that Plaintiff asserts claims against any defendant in their individual capacity under RLUIPA, those claims will be dismissed.

**Defendant Toria Crosby - Denial of Access to Legal Materials**

Plaintiff claims that Toria Crosby denied his access to legal materials to file a temporary restraining order against officers in another action. The United States Supreme Court has held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Before an inmate may prevail on his claim, however, he must demonstrate that he suffered "actual prejudice," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the plaintiff cannot prevail

---

[6] The Fifth Circuit agrees with the "majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see also Clarke v. Stalder*, 121 F.3d 222, 227 n. 8 (5th Cir. 1997) (suggesting in dictum that monetary relief but not injunctive relief "might be difficult" in light of § 1997e(e)'s physical injury requirement in a § 1983 suit alleging a First Amendment violation), *vacated for reh'g en banc*, 133 F.3d 940 (5th Cir. 1997).

on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (holding that a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice).

In this case, Plaintiff has not demonstrated that Defendant Toria Crosby hindered his ability to pursue a legal claim. Moreover, the Court also notes that Plaintiff has communicated extensively with the Court in this matter and in Civil Action No. 2:14-cv-156-MTP. Plaintiff in his other action was able to file for a preliminary injunction. Thus, because Plaintiff has failed to bring forth any evidence that he suffered any "actual injury," thus, his claim against Defendant Crosby will be dismissed.

**RFRA Claims**

Plaintiff also asserts claims under the Religious Freedom Restoration Act ("RFRA"). 42 U.S.C. § 2000bb-1. However, RFRA only applies to the federal government and its actors. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 289 (5th Cir. 2012). All defendants are state or local actors; therefore, this claim will be dismissed.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment [45] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [45] is GRANTED and this action is dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED, this the 23rd day of March, 2016.

s/ Michael T. Parker<br>
United States Magistrate Judge